OPINION
McGREGOR, Vice Chief Justice.
¶ 1 This nomination petition challenge asks us to determine whether propositions 101 and 107, both adopted by voters in the 1992 election, conflict. We conclude the propositions do not conflict and that, taken together, they provide that a person elected as mine inspector serves for a four-year term and is limited to four consecutive terms.
I.
¶ 2 In 1992, the voters adopted two amendments to Article 19 of the Arizona Constitution concerning the office of mine inspector. Proposition 101, a House concurrent resolution referred to voters, stated that the mine inspector “shall be elected at general elections, and shall serve for two FOUR years. THE INITIAL FOUR YEAR TERM SHALL BE SERVED BY THE MINE INSPECTOR ELECTED IN THE GENERAL ELECTION HELD IN NOVEMBER, 1994.”[1] Proposition 107, a voter initiative, stated in pertinent part:
[A] Mine Inspector ... shall be elected at general elections, and shall serve for a term of two years. No Mine Inspector shall serve more than four consecutive terms in that office. No Mine Inspector, after serving the maximum number of terms, which shall include any part of a term served, may serve in the same office until out of office for no less than one full term. This limitation on the number of *167 terms of consecutive service shall apply to terms of office beginning on or after January 1, 1993.[2]
¶3 Voters first elected Martin as mine inspector in 1988 to a two-year term. He was re-elected in 1992 to another two-year term, and in 1994 and 1998 to four-year terms. He filed petition signatures to qualify for the ballot for this year’s general election. Hughes challenged Martin’s petitions in superior court, arguing that Martin was barred from running because, together, propositions 101 and 107 demonstrated the voters’ intent to restrict the office of mine inspector to four two-year terms or eight years.[3] Alternatively, Hughes argued that because propositions 101 and 107 conflict, the court must invalidate proposition 101, the proposition that received fewer votes, pursuant to the Arizona Constitution.[4]
¶4 Martin filed a motion to dismiss, asserting that the two propositions do not conflict because their express provisions are unrelated. Martin argued that because proposition 101 increased the length of the mine inspector’s term and proposition 107 restricted the number of terms one person could serve as mine inspector, the propositions could be read together to allow a person to serve as mine inspector for four, consecutive, four-year terms. Thus, Martin would be eligible to run for mine inspector in the 2002 election.
¶5 Judge Santana granted Martin’s motion to dismiss, reasoning that propositions 101 and 107 “can be harmonized to avoid conflict: Article XIX (as amended by proposition 107) limits the Mine Inspector to four consecutive terms, but those terms, as determined by proposition 101, are four years in length.” Hughes v. Martin, No. CV 2002-012304, Minute Entry at 2.
¶ 6 This appeal followed. We exercise jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) section 16-351.A (1996 & Supp. 2001). We review this legal issue de novo. Transp. Ins. Co. v. Bruining, 186 Ariz. 224, 226, 921 P.2d 24, 26 (1996).
II.
¶ 7 In determining whether propositions conflict, we refrain from looking beyond the plain language of the propositions “[i]f a [proposition’s] language is clear and unam-biguous____Ambiguity exists if there is uncertainty about the meaning or interpretation of a [proposition’s] terms.” Hayes v. Cont’l Ins. Co., 178 Ariz. 264, 268, 872 P.2d 668, 672 (1994).
¶8 Proposition 101 states that the mine inspector “shall serve for two FOUR years.” No ambiguity exists in this language, which simply and clearly changes the mine inspector’s term of office from two years to four years.
¶ 9 The portion of proposition 107 allegedly in conflict with proposition 101 can be divided into two parts. The first part essentially sets forth the law as it existed prior to the adoption of propositions 101 and 107 by stating that the mine inspector “shall serve for a term of two years.” Proposition 107. The second portion of proposition 107 limits the office of mine inspector to four consecutive terms. Id. Like proposition 101, proposition 107 contains no ambiguity because its language clearly restates the law as it existed at the time its supporters filed the petition with respect to the length of the mine inspector’s term (two years), and limits individuals serving as mine inspector to four consecutive terms.
¶ 10 Because propositions 101 and 107 do not contain uncertain terms, we proceed by looking solely at the text of the propositions. Hayes, 178 Ariz. at 268, 872 P.2d at 672.
III.
A.
¶ 11 When constitutional amendments seemingly conflict, “it is the duty of the court *168 to harmonize both so that the constitution is a consistent workable whole.” State ex rel. Nelson v. Jordan, 104 Ariz. 193, 196, 450 P.2d 383, 386 (1969). This approach ensures that the submission of one or the other amendment “was not a pointless act” and that “the will of the majority as expressed in free elections ... prevail[s].” Id.
¶ 12 Nelson involved two allegedly conflicting amendments both approved by voters in the 1968 election, to Article 5 of the Arizona Constitution. Id. at 195, 450 P.2d at 385. One amendment, proposition 108, eliminated the office of state auditor while reciting the current law under which officers served two-year terms. The other amendment, proposition 104, extended the term of offices of the executive department, including the office of state auditor, from two years to four years. Id.
¶ 13 Recognizing that Article 5 “is divisible into two severable parts, one enumerating the offices of the executive department and the other providing for their terms,” we held that both propositions could be given effect because each proposition addressed a different portion of Article 5. Id. at 195-96, 450 P.2d at 385-86. Proposition 108 enumerated the offices of the executive department, while proposition 104 set forth the number of years in the officers’ terms. Harmonizing propositions 108 and 104, we concluded that proposition 108 eliminated the office of state auditor and proposition 104 expanded executive officers’ terms to four years. Id. at 196, 450 P.2d at 386.
B.
¶ 14 Nelson teaches that “[t]he guiding principle of constitutional construction ... is that where two or more amendments are adopted on the same day they must be construed together and effect given to all. Any differences must be reconciled, if such is possible.” Hood v. State, 24 Ariz. App. 457, 463, 539 P.2d 931, 937 (1975).[5] Like the proposed amendments in Nelson, propositions 101 and 107 can be harmonized because each proposition serves a purpose separate and distinct from the other, and alters different portions of Article 19.
¶ 15 Article 19 addresses several aspects of the office of mine inspector and can be divided into separate parts. See Ariz. Const. art. XIX. One portion of Article 19 establishes the office of mine inspector, the second part describes the office, another sets forth the number of years in the mine inspector’s term and the final portion addresses the number of consecutive terms a person may serve as mine inspector. Id.
¶ 16 The plain language of proposition 101 increases the mine inspector’s term from two to four years; it affects only that portion of Article 19 concerned with the number of years in a mine inspector’s term. Proposition 107, on the other hand, creates a limit of four consecutive terms for the office of mine inspector. As a result, proposition 107’s changes affect only that part of Article 19 enumerating the consecutive terms a person may serve as mine inspector. Because proposition 101 addresses the length of the mine inspector’s term and proposition 107 addresses the number of consecutive terms an individual may serve as mine inspector, the two propositions can be read together to increase the mine inspector’s term to four years while placing a limit of four consecutive terms upon those seeking re-election to that office.
¶ 17 Combining propositions 101 and 107 in this way allows us to preserve the full expression of the voters’ intent rather than judicially select one voter-approved amendment over another. If we were to adopt Hughes’ argument, we would silence the voices of those voters who adopted proposition 101. We will not do so unless a conflict leaves us no choice. Fortunately, we can reconcile these amendments and give effect to both.
¶ 18 Allowing a person to serve as mine inspector for up to four consecutive four-year terms would not have been an irrational choice on the part of Arizona voters because the mine inspector must be a well-qualified individual who fulfills several statutory re *169 quirements.[6] If, however, Arizona voters did not intend to allow an individual to serve as mine inspector for up to four consecutive four-year terms, the voters can alter either the number of years in a mine inspector’s term or the number of consecutive terms a mine inspector may serve.
C.
¶ 19 Proposition 107 applies to “terms of office beginning on or after January 1,1993.” Accordingly, Martin may run for the office of mine inspector in this year’s election.
IV.
¶ 20 For the foregoing reasons, we affirm the judgment of the superior court.
CONCURRING: CHARLES E. JONES, Chief Justice, REBECCA WHITE BERCH, Justice, and MICHAEL D. RYAN, Justice.

. Capital letters indicate additions to the text of Article 19 and strikeouts indicate language deleted from Article 19.

. Underlined words indicate additions to the text of Article 19.

. Hughes also pointed to ballot language, publicity pamphlets and legislative council analysis to support his position.

. If voters approve conflicting measures or constitutional amendments at the same election, "the measure or amendment receiving the greatest number of affirmative votes shall prevail in all particulars as to which there is conflict.” Ariz. Const. art. IV, pt. 1, § 1(12).

. The dissent presents a reasonable reading of the propositions, considered individually. Because the voters adopted both, however, we must construe them together, not separately.

. The state mine inspector shall be a resident of this state at least two years before election, not under thirty years of age, and shall have been practically engaged in, and acquainted with, mines and mining in this state, and shall have had at least four years’ experience in underground mining and three additional years in either underground mining, smelting, open pit mining, or experience in any industry under the jurisdiction of the state mine inspector.
A.R.S. § 27-121.A (2000 & Supp.2001).